OPINION
{¶ 1} Defendant-appellant, Percio A. Martinez, aka Angel R. Alvarez ("appellant"), was indicted on one count of aggravated robbery in violation of R.C. 2911.01, a felony of the first degree and two counts of robbery in violation of R.C. 2911.02, felonies of the second degree, each with a three-year firearms specification pursuant to R.C. 2941.145. A jury found appellant guilty on all counts and accompanying specifications.
 {¶ 2} A Spanish interpreter interpreted the testimony of several witnesses to the jury. The following relevant facts were adduced at trial. El Reggio was a market located at 939 E. Dublin-Granville Road, in Columbus, Ohio. On May 16, 2005, Syndia Ortiz Rodriquez ("Syndia"), and her sister, Selenne Ortiz Rodriquez ("Selenne"), were working in the market. Just prior to closing, at approximately 9:45 p.m., Selenne was at the counter speaking to Margarita Velez ("Margarita"), when two males entered the front door of the market. The market's lights were on and the interior was well lit.
 {¶ 3} Selenne testified that she was grabbed from behind by one of the men. She testified that she was held around the mouth and neck area, pushed and shoved against the counter and was fondled in the area of her breasts and stomach. Selenne fell and looked her assailant "face-to-face" and heard the "chet-chet" of a firearm being held by a second man in the store. The firearm was pointed at Selenne's head.
 {¶ 4} Selenne testified that her assailant wore jeans, a hooded sweatshirt, white tennis shoes and a bandanna or mask which covered the lower part of his face below his nose. At one point, while groping her, the mask came off and she recognized the assailant as a person known to her as Pedro. Selenne made an in-court identification of appellant as the person involved in the robbery who assaulted her.
 {¶ 5} Syndia testified that on May 16, 2005, she heard a customer come in the store at approximately 9:50 p.m. She observed one man grab and push Selenne and another man holding what she believed to be a 9mm handgun. Syndia indicated that it appeared that the man with Selenne seemed to waive off the man with the gun. She described the assailant who grabbed Selenne as wearing a dark hooded sweatshirt, jeans and tennis shoes. She further testified that his face was covered almost to the top. At one point, the assailant's face was exposed and she recognized him to be a customer, known to her as Pedro and/or Angel.
 {¶ 6} After the two men left the store Syndia approached Selenne and said "I know that it was Pedro." She testified that Selenne agreed. Syndia called her husband and pressed the emergency button to summon the police. Syndia made an in-court identification of appellant.
 {¶ 7} Both Selenne and Syndia testified that they knew appellant as a man who frequently came to the market and aggressively panhandled people outside the market. Syndia described him as a nuisance and stated she felt afraid of him. Both sisters made written statements to the police officers, but neither statement contained any mention that the assailant wore a scarf or item that covered his face.
 {¶ 8} Margarita testified that she was in El Reggio on May 16, 2005, with Syndia and Hector's eight-month-old child, when two men entered the store. She testified that the first man through the door grabbed Selenne and that he wore a black sweatshirt, blue jeans, tennis shoes and something that covered his face which exposed his forehead, nose and eyes. She stated that she could see the assailant's eyes and nose and that she recognized his face as that of a person who frequented the store. She testified that a second man brandished a gun and pointed it at Selenne. Margarita admitted she hid in an aisle away from the incident to shelter the baby during the altercation. She made an in-court identification of appellant as the individual involved in the robbery who assaulted Selenne.
 {¶ 9} Later that same evening, Selenne, Syndia and Margarita were taken separately to a location where the police held appellant and another individual apprehended that evening as suspects in the robbery. Each of the three witnesses viewed the two men independently and were asked by the police if either of the men were involved in the robbery. Each witness identified appellant as being the man involved in the robbery who grabbed Selenne, but were unable to identify the second man. Selenne and Margarita testified that appellant was still wearing the same clothes he wore at the time of the robbery.
 {¶ 10} Hector Villarreal ("Hector"), testified that he was not present at the market at the time of the robbery but was called to the store after the incident by his wife, Syndia. He testified that Syndia told him that one of the men was Pedro, a man who frequently came into the store. Hector testified he was told which way the men had gone and that he searched the neighborhood for them. He saw appellant and another individual within close proximity of the market and informed the police of their whereabouts. The men were apprehended by the police. Hector testified that the men had taken over $3,000 in receipts from the cash register.
 {¶ 11} Officer Jack Addington testified that he responded to El Reggio on a robbery call on May 16, 2005. He testified that appellant and another man were apprehended in the neighborhood. Appellant informed the police that his name was Angel Rodriquez Alvarez. Officer Addington testified that there was no money or weapons found on appellant. No fingerprints were taken from the market.
 {¶ 12} Appellant advances the following assignment of error for our review:
WHETHER OR NOT THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} The Supreme Court of Ohio outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 14} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, supra, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 80,24 O.O.3d 150, 434 N.E.2d 1356. The reviewing court does not substitute its judgment for that of the fact finder. Jenks, supra, at 279.
 {¶ 15} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v.DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction."Thompkins, supra, at 387.
 {¶ 16} Appellant contends that the verdicts are against the manifest weight and not based on sufficient evidence because there was no physical evidence discovered at the market which would tie the robbery to appellant and that it is unreasonable to believe that an individual involved in a robbery would reappear in the vicinity of the crime shortly after its commission. He also argues that the witnesses' identifications of appellant are tainted because events unfolded quickly and that the witnesses were scared of appellant and considered him to be a nuisance prior to the altercation. Appellant asserts that because the witnesses discussed the identity of the robbers prior to the police arriving at the scene, that their later identification of appellant is suspect. Finally, appellant argues that the testimony of the witnesses at trial contradicts their statements made to the police and that their trial testimony differs from one another regarding how the robber's face was covered and how it became exposed. Thus, appellant's arguments contend that the witnesses' identification of appellant as the perpetrator of the crimes lack credibility and that their testimony does not prove guilt beyond a reasonable doubt.
 {¶ 17} Appellant was convicted of a violation of R.C.2911.01, which provides, in relevant part:
No person, in attempting or committing a theft offense, as defined in 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
(3) Inflict, or attempt to inflict, serious physical harm on another.
 {¶ 18} Appellant was also convicted of violations of R.C.2911.02, which provides in relevant part:
(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control.
(2) Inflict, attempt to inflict or threaten to inflict physical harm on another.
(3) Use or threaten the immediate use of force on another.
 {¶ 19} The evidence presented at trial established that all three witnesses, Syndia, Selenne and Margarita, had seen appellant on several occasions and were able to identify appellant as one of the individuals who committed the robbery at El Reggio. While the record does contain some inconsistencies, much of the physical descriptions given by the witnesses of appellant, as well as the particular involvement of appellant in the robbery, are substantially similar.
 {¶ 20} The evidence presented at trial, when viewed in the light most favorable to the prosecution, is sufficient to support the jury's finding that appellant committed the offenses of aggravated robbery and robbery with an accomplice who brandished a firearm. Additionally, the evidence supports a finding that appellant used immediate force in committing the offenses by the groping, pushing and shoving of Selenne. It is within the province of the trier of fact to make determinations with respect to credibility. State v. Lakes (1964), 120 Ohio App. 213,29 O.O.2d 12, 201 N.E.2d 809.
 {¶ 21} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 22} After careful review of all the evidence, we conclude that the jury was presented with evidence that is sufficient to support a verdict of guilty on the offenses of aggravated robbery and robbery. Similarly, the jury was presented with sufficient evidence to support a finding of guilty on each gun specification. Moreover, based on the record before us, we cannot say that the evidence weighs heavily against the convictions or that the jury clearly lost its way. Therefore, we do not find that appellant's convictions are against the manifest weight of the evidence.
 {¶ 23} For all the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and French, JJ., concur.